UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Omar E.F.G.,

Petitioner,

v.

Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

Respondents.

Civil No. 26-451 (DWF/DLM)

**MEMORANDUM OPINION AND ORDER**

**INTRODUCTION**

This matter is before the Court on Petitioner Omar E.F.G.'s petition for a writ of habeas corpus alleging that he is in custody in violation of the Constitution and laws of the United States (the "Petition"). (Doc. No. 1.) Respondents oppose. (Doc. No. 4.) For the reasons set forth below, the Court grants the Petition and orders Respondents to immediately release Petitioner.

**BACKGROUND**

Petitioner is a citizen of El Salvador who has lived in the United States since May of 2023. (Doc. No. 1 ¶ 12.) Petitioner has never been given an order for removal and has a pending application for asylum. (*Id.*) Petitioner lives with his brothers and recently attended high school in Minnesota. (*Id.* ¶ 13.)

On January 14, 2026, at approximately 1:30 p.m., Petitioner was detained by agents of U.S. Immigration and Customs Enforcement ("ICE") who were wearing tactical garb and had their faces covered. (*Id.* ¶ 14.) The agents did not provide a warrant. (*Id.*) The arrest was part of "Operation Metro Surge," an ongoing immigration-law enforcement effort in Hennepin and Ramsey Counties that has led to an unprecedented increase in federal law enforcement presence in Minnesota. (*Id.* ¶ 15; *see also Tincher v. Noem*, No. 25-cv-4669, 2026 WL 125375, at *1 (D. Minn. Jan. 16, 2026).)

After his arrest, Petitioner was initially brought to Crow Wing County Jail in Brainerd, Minnesota. (Doc. No. 1 ¶ 18.) As of the morning of January 20, 2026, counsel for Petitioner checked ICE's online detainee locator and saw that Petitioner's detention location indicated "Call ICE for Details," which counsel believed indicated that ICE was planning to imminently move Petitioner to another detention facility. (*Id.*)

Petitioner filed the Petition on January 20, 2026. (*Id.* at 14.) Petitioner asserts that he is entitled to consideration for release on bond and that his detention violates his due process rights. (*Id.* ¶¶ 35, 41, 45.) He requests release from detention or an order requiring Respondents to provide him with a bond hearing within seven days. (*Id.* ¶¶ 45-51.) On January 20, 2026, the Court ordered Respondents to answer the Petition on or before January 22, 2026 at 12:00 p.m. CT, and enjoined Respondents from moving Petitioner from this District pending further order. (Doc. No. 3.) Respondents timely filed a response, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225. (Doc. No. 4.)

2

## DISCUSSION

**I.    Legal Standard**

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *See Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004.) That authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020). The burden is on the petitioner to prove illegal detention by a preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

**II.   Analysis**

    **A.    Detention**

Within federal immigration law, two statutes govern the detention of noncitizens pending removal proceedings—8 U.S.C. §§ 1225 and 1226. Section 1225 applies to "applicants for admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted" or who "arrive[] in the United States." 8 U.S.C. § 1225(a)(1). Under that section, "if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted," the noncitizen must be detained during the pendency of their removal proceedings. *Id.* § 1225(b)(2)(A). Section 1226 applies where § 1225 is inapplicable and provides

immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings.  *See id.* § 1226(a).

Respondents argue that Petitioner is an "applicant for admission" because he was never lawfully admitted to the United States and is therefore still "seeking admission." As the Court explained in *Victor S.M. v. Noem*, the plain language of the statute dictates otherwise.  No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026).  Petitioner has been in the United States for nearly three years—he is not "arriving," he is already here.  *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (noting that § 1226(a) applies to "certain aliens already in the country"); *Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at * 3 (D. Minn. Jan. 5, 2026) (finding that § 1226(a) applied to a noncitizen who had been in the country for less than two years).  Petitioner is therefore subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

In their response, Respondents rely in part on arguments that are now before the Eighth Circuit in *Avila v. Bondi*, No. 25-3248.  In *Victor S.M. v. Noem*, the Court considered the *Avila* appeal and found the arguments unpersuasive.  In addition, Respondents submit additional authority that they claim supports their interpretation of § 1225.  (Doc. No. 4 at 3-5.)  Specifically, Respondents cite to cases outside of this Circuit, or, if in this Circuit, outside of the District of Minnesota.  Respondents also acknowledge that the decisions reflect a minority position.  (*Id.* at 4.)  The Court respectfully disagrees with the decisions in those cases and continues to find that § 1226 applies to Petitioner here as a noncitizen already present in the country.

4

Respondents also argue that the Court's reading of § 1225 and § 1226 would read § 1225 completely out of existence. The Court disagrees. Respondents suggest that under the Court's interpretation, any noncitizen who barely makes it across the border and is immediately arrested would be subject to detention only under § 1226. That argument, however, fails to acknowledge that Petitioner in this case was not just over the border—he has been here for nearly three years. In fact, it appears more likely that § 1226 would be rendered meaningless under Respondents' reading because it would seemingly apply § 1225 to any noncitizen without status.[1]

Finally, the fact that Petitioner has applied for asylum does not change the Court's conclusion here. The definition of "admission" here means "the lawful entry of the [noncitizen] into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A); *see also Barco Mercado v. Francis*, No. 25-cv-6582, 2025 WL 3295903, at *5 (S.D.N.Y. Nov. 26, 2025) (explaining that a petitioner who had been living in the United States for three years was not "seeking admission" to the country). Even by applying for asylum, "[a] noncitizen who already has entered the United States illegally and is living here cannot be said to be actively seeking

---

[1] In addition, the Laken Riley Act ("LRA") added new categories of noncitizens subject to mandatory detention under § 1226(c). *See* 8 U.S.C. § 1226(c)(1)(E). For example, under the LRA, mandatory detention would apply to noncitizens lacking valid documentation who have also been charged or convicted of certain serious crimes. *See id.* If Respondent's interpretation of § 1225 were correct, there would have been no need for the LRA to add the new categories.

lawful *entry* into the United States. The entry, whether lawful or unlawful, occurred years ago." *Barco Mercado*; 2025 WL 3295903, at *5.

### B. Remedy

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy. A detainee being held pursuant to § 1226(a), as Petitioner is here, must have been served an arrest warrant prior to detainment. 8 U.S.C. § 1226(a); *see also Ahmed M.*, 2026 WL 25627, at *3 (collecting cases). Petitioner alleged he was arrested without a warrant. (Doc. No. 1 ¶ 14.) The Court gave Respondents the opportunity to explain the true cause of Petitioner's detainment and provide documentation of such. (Doc. No. 3.) Respondents failed to do so. (*See* Doc. No. 4 (addressing only the legality of Petitioner's continued confinement, not the legality of his arrest).) The Court therefore concludes that Petitioner was arrested without a warrant. The remedy for a warrantless arrest is immediate release. *Munaf v. Green*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation omitted)).

### ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner's writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

    a. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

      b.      Respondents are **ORDERED** to immediately release Petitioner from detention.

      c.      Within three (3) days of the date of this Order, Respondents shall provide the Court with a status update concerning Petitioner's release.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 23, 2026                s/Donovan W. Frank
                                              DONOVAN W. FRANK
                                              United States District Judge